## VI.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTION

67.     Plaintiff incorporates by reference the entirety of the above paragraphs as though set forth in full herein.

68.     Defendant Tracey has taken and misappropriated Plaintiff's Trade Secrets and other confidential information, as described in the forgoing paragraphs.

69.     Defendant Tracey's conduct is unlawful, and Plaintiff has and continues to suffer immediate and irreparable harm that cannot be adequately compensated by an award of damages.

70.     Plaintiff has a probably right of recovery against Defendant Tracey and is entitled to obtain injunctive relief to force Defendant Tracey to refrain from continuing his unlawful conduct toward Plaintiff.

71.     Plaintiff reasonably believes and therefore avers that Defendant Tracey's unlawful conduct will continue unless immediately enjoined by order of this Court. By the actual and imminent unlawful conduct of Defendant Tracey, Plaintiff will suffer imminent and irreparable harm that cannot be compensated by an award of damages in that Defendant Tracey is either directly or indirectly engaging in prohibited and unlawful conduct, namely the disclosure and use of the Trade Secrets and other confidential information to the detriment of the Plaintiff and its affiliates. This conduct will cause Plaintiff and affiliates permanent harm.

72.     Based on the foregoing, Plaintiff seeks a temporary restraining order, temporary injunction, and permanent injunction enjoining Defendant Tracey, and all those in active concert with him, including his current and future employers, current and future business partners, current and future joint venture partners, current and future business associates from:

DOCUMENT SCANNED AS FILED                    Appendix 22

## Temporary Restraining Order

(A)    Defendant Tracey should be enjoined from destroying or disposing of: any documents or information that in any way relate to the allegations in this Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction; any evidence that is in any way related or connected to such allegations; any documents or information that are the proprietary, confidential and/or trade secret information of Plaintiff.

(B)    Defendant Tracey should be enjoined and restrained from directly or indirectly using, disclosing, receiving, transmitting, transferring, manipulating, sharing, duplicating, evaluating, profiting from, commenting on, discussing, or selling any confidential and proprietary data, documents, lead or customer lists, and anything described as a Trade Secret in the foregoing paragraphs of the Original Petition, for a period of Fourteen (14) Days from the date that the Court signs an order granting a Temporary Restraining Order or until the Court conducts a hearing on Plaintiff's request for Temporary Injunction, if such hearing is held before the expiration of Fourteen (14) Days. The confidential and proprietary data and Trade Secrets can take the form of: 1) any physical or electronic data or documents that originated from, was maintained by, or was created by or on behalf of Plaintiff or any of its affiliates, at any time when Defendant was under a contractual duty not to disclosure the Trade Secrets; and 2) and any physical or electronic confidential and proprietary documents that originated from, maintained by, or created by and on behalf of Plaintiff and/or its affiliates, either directly or indirectly, at any time before or after Defendant Tracey was under contract with Plaintiff. The term "confidential and proprietary data and documents, and Trade Secrets" includes but is not limited to information relating to:

(i) Any of the seminar events offered by Plaintiff and affiliates as described in above Paragraphs 13-15;

DOCUMENT SCANNED AS FILED                    **Appendix 23**

(ii) Any of the sales strategies that Plaintiff and affiliates use in conjunction with seminar events;

(iii) Any products of services, including pricing information, that are offered ancillary to the seminar events offered for purchase though Plaintiff and affiliates;

(iv) Any methodology used in conjunction with the sales and services training performed by the management of Plaintiff and affiliates;

(v) Any documents provided to Plaintiff and affiliates' sales staff during company trainings or professional development workshops;

(vii) Information concerning Plaintiff and affiliates financials and business finances;

(viii) The past and present clientele and customers of Plaintiff and affiliates as well as the persons, firms, and corporations who are active prospective clients (including customer lists);

(ix) Any past and updated seminar room designs or plans, and any documents or materials that show the methodology provide any explanations for the designs;

(x) Any vendors and contractors that currently provide or have provided within the past 2 years, Plaintiff and affiliates services for or in support of any seminar events.

(xi) Individual agreements of any kind between Plaintiff and affiliates and its direct or indirect customers;

(xii) The terms, conditions, and rates related to any seminar packages or agreements that pertain to the different seminars, products and services referred to in Paragraphs 13-15;

(xiii) Individual client, customer, or property profiles, specifications, requirements, or characteristics;

(xiv) Information concerning Plaintiff and affiliates financials and business finances;

(xv) Operations manuals, prospecting manuals and guidelines, sales aids, industry specific research and manuals, marketing manuals, marketing plans, and sales and marketing techniques of Plaintiff and affiliates;

(xvi) Strategies and plans of Plaintiff and affiliates; and

(x) Confidential financial information, including compensation levels, profit and loss statements, and fiscal reports.

DOCUMENT SCANNED AS FILED

Appendix 24

## Temporary Injunction:

(A)     Defendant Tracey should be enjoined from destroying or disposing of: any documents or information that in any way relate to the allegations in this Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction; any evidence that is in any way related or connected to such allegations; any documents or information that are the proprietary, confidential and/or trade secret information of Plaintiff and affiliates.

(B)     Defendant Tracey should be enjoined and restrained from directly or indirectly using, disclosing, receiving, transmitting, transferring, manipulating, sharing, duplicating, evaluating, profiting from, commenting on, discussing, or selling any confidential and proprietary data and documents of Plaintiff and affiliates until final judgment in this cause is entered by the Court.

The term "confidential and proprietary data and documents" is defined as: 1) any physical or electronic confidential and proprietary data and documents that originated from, was maintained by, or was created by or on behalf of Plaintiff and affiliates, either directly or indirectly, at any time when Defendant Tracey contracted with Plaintiff and affiliates; and 2) any physical or electronic confidential and proprietary data and documents that originated from, was maintained by, or was created by or on behalf of Plaintiff and affiliates, either directly or indirectly, at any time before or after Defendant Tracey contracted with Plaintiff and affiliates. The term "confidential and proprietary data and documents" includes, but is not limited to, information relating to:

(i) Any of the seminar events offered by Plaintiff and affiliates as described in above Paragraph 13-15;

DOCUMENT SCANNED AS FILED          **Appendix 25**

(ii) Any of the sales strategies that Plaintiff and affiliates use in conjunction with seminar events;

(iii) Any products of services, including pricing information, that are offered ancillary to the seminar events offered for purchase though Plaintiff and affiliates;

(iv) Any methodology used in conjunction with the sales and services training performed by the management of Plaintiff and affiliates;

(v) Any documents provided to Plaintiff and affiliates' sales staff during company trainings or professional development workshops;

(vii) Information concerning Plaintiff and affiliates financials and business finances;

(viii) The past and present clientele and customers of Plaintiff and affiliates as well as the persons, firms, and corporations who are active prospective clients (including customer lists);

(ix) Any past and updated seminar room designs or plans, and any documents or materials that show the methodology provide any explanations for the designs;

(x) Any vendors and contractors that currently provide or have provided within the past 2 years, Plaintiff and affiliates services for or in support of any seminar events.

(xi) Individual agreements of any kind between Plaintiff and affiliates and its direct or indirect customers;

(xii) The terms, conditions, and rates related to any seminar packages or agreements that pertain to the different seminars, products and services referred to in Paragraphs 13 -15.

(xiii) Individual client, customer, or property profiles, specifications, requirements, or characteristics;

(xiv) Information concerning Plaintiff and affiliates financials and business finances;

(xv) Operations manuals, prospecting manuals and guidelines, sales aids, industry specific research and manuals, marketing manuals, marketing plans, and sales and marketing techniques of Plaintiff and affiliates;

(xvi) Strategies and plans of Plaintiff and affiliates; and

(x) Confidential financial information, including compensation levels, profit and loss statements, and fiscal reports.

DOCUMENT   SCANNED   AS   FILED      **Appendix 26**

## Permanent Injunction:

Upon final judgment entered by the Court, Defendants should be permanently enjoined from directly or indirectly using, disclosing, receiving, transmitting, transferring, manipulating, sharing, duplicating, evaluating, profiting from, commenting on, discussing, or selling any confidential and proprietary data and documents of Plaintiff and affiliates until final judgment in this cause is entered by the Court.

The term "confidential and proprietary data and documents" is defined as: 1) any physical or electronic confidential and proprietary data and documents that originated from, was maintained by, or was created by or on behalf of Plaintiff and affiliates, either directly or indirectly, at any time when Defendant Tracey contracted with Plaintiff and affiliates; and 2) any physical or electronic confidential and proprietary data and documents that originated from, was maintained by, or was created by or on behalf of Plaintiff and affiliates, either directly or indirectly, at any time before or after Defendant Tracey contracted with Plaintiff and affiliates. The term "confidential and proprietary data and documents" includes, but is not limited to, information relating to:

(i) Any of the seminar events offered by Plaintiff and affiliates as described in above Paragraphs 13-15;

(ii) Any of the sales strategies that Plaintiff and affiliates use in conjunction with seminar events;

(iii) Any products of services, including pricing information, that are offered ancillary to the seminar events offered for purchase though Plaintiff and affiliates;

(iv) Any methodology used in conjunction with the sales and services training performed by the management of Plaintiff and affiliates;

(v) Any documents provided to Plaintiff and affiliates' sales staff during company trainings or professional development workshops;

(vii) Information concerning Plaintiff and affiliates financials and business finances;

DOCUMENT SCANNED AS FILED                              Appendix 27

(viii) The past and present clientele and customers of Plaintiff and affiliates as well as the persons, firms, and corporations who are active prospective clients (including customer lists);

(ix) Any past and updated seminar room designs or plans, and any documents or materials that show the methodology provide any explanations for the designs;

(x) Any vendors and contractors that currently provide or have provided within the past 2 years, Plaintiff and affiliates services for or in support of any seminar events.

(xi) Individual agreements of any kind between Plaintiff and affiliates and its direct or indirect customers;

(xii) The terms, conditions, and rates related to any seminar packages or agreements that pertain to the different seminars, products and services referred to in the Paragraphs 13 - 15.

(xiii) Individual client, customer, or property profiles, specifications, requirements, or characteristics;

(xiv) Information concerning Plaintiff and affiliates financials and business finances;

(xv) Operations manuals, prospecting manuals and guidelines, sales aids, industry specific research and manuals, marketing manuals, marketing plans, and sales and marketing techniques of Plaintiff and affiliates;
(xvi) Strategies and plans of Plaintiff and affiliates; and

(x) Confidential financial information, including compensation levels, profit and loss statements, and fiscal reports.

73.     The potential harm done by issuing the foregoing injunctive relief prayed for herein does not outweigh the substantial loss to be caused by the continued unlawful acts of Defendant Tracey.

74.     The injunctive relief prayed for herein will do no more than restore the parties to the status as it existed prior to Defendant Tracey's unlawful conduct.

75.     Defendant Tracey's unlawful conduct is clearly actionable and the injunctive relief prayed for herein is reasonably calculated to abate such conduct.

76.     Plaintiff has been damaged and will continue to be damaged by the actions of Defendant Tracey's described above.

Page | 24

Appendix 28

77.     Plaintiff is willing and prepared to post reasonable bond and requests the bond to be set in the amount of $500.00.

## VII.
## EXEMPLARY DAMAGES

78.     Plaintiff incorporates by reference the entirety of all preceding paragraphs as though set forth in full herein.

79.     Defendant Tracey acted with malice toward Plaintiff. Consequently, Defendants are liable for exemplary damages as authorized by Texas Civ. Prac. & Rem. Code §41.003 and Tex. Civ. Prac. & Rem. Code § 134A.004(b).

## VIII.
## DISCOVERY

80.     Pursuant to Rule 194.3 of the Texas Rules of Civil Procedure, Defendants are requested to disclose within thirty (30) days of service of this request, the information or material described in Rule 194.2(a) through (l).

## IX.
## ATTORNEY'S FEES

81.     Plaintiff incorporates by reference the entirety of the above paragraphs as though set forth in full herein.

82.     Pursuant to Texas Civil Practice and Remedies Code § 38.001 and § 134A.005 Plaintiff is entitled to recover reasonable attorney's fees from Defendant Tracey.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Education Management Services, LLC, respectfully prays that the Defendant, Michael Tracey be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the following:

DOCUMENT SCANNED AS FILED

Appendix 29

a.   Actual and Punitive damages;

b.   Costs of suit;

c.   Reasonable Attorney's fees;

d.   Prejudgment and post-judgment interest;

e.   Disgorgement of profits;

f.   Temporary Restraining Order;

g.   Temporary Injunction;

h.   Permanent Injunction;

i.   All other relief, in law and in equity, to which Plaintiff may be entitled.


Dated: January 15, 2015.

By:_____
ANDREW J. MOON
State Bar No. 24046463
NATHANIEL CORBETT
State Bar No. 24077165
2935 Thousand Oaks Dr. #6-285
San Antonio, Texas 78247
(210) 501-0077
ATTORNEYS FOR PLAINTIFF

DOCUMENT SCANNED AS FILED

Appendix 30

# EXHIBIT A

DOCUMENT SCANNED AS FILED

Appendix 31