UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDUCATON MANAGEMENT SERVICES, LLC, | § § § § § § § § § § § § § | No. 5:15–CV–075–DAE |
| Plaintiff, | | |
| vs. | | |
| MICHAEL J. TRACEY, | | |
| Defendant. | | |

ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE

Education Management Services ("Plaintiff") is a limited liability company that provides administrative and staffing services for Armando Montelango Seminars ("AMS"), a subsidiary corporation of Armando Montelango Companies, Inc. ("AMC") which sells real estate seminars. ("Compl.," Dkt. # 1-3, ¶¶ 8–10). Pursuant to the arrangement between Plaintiff and AMS, all entities doing business with AMS contract through Plaintiff, and Plaintiff indemnifies AMS and pursues litigation against contractors who harm AMS. (Id. ¶¶ 11–12.)

On February 21, 2010, Michael J. Tracey ("Defendant") began contracting through Plaintiffs to do business with AMS. (Id. ¶¶ 16–17.) Mr. Tracey gained access to various alleged trade secrets in the course of his work with AMS, and signed at least one Non-Disclosure Agreements in 2010. (Am. Compl.

1

¶¶ 27–29.)  In October, 2014, Mr. Tracey terminated his employment with Plaintiff and allegedly began providing services to The Nick Vertucci Companies, Inc. ("Vertucci"), which operates a competing real estate seminar company.  (Id. ¶¶ 30, 32–33.)  On January 16, 2015, Plaintiff filed suit against Defendant in the 288th Judicial District Court of Bexar County, seeking a temporary restraining order and temporary and permanent injunctions enjoining Mr. Tracey from destroying evidence and sharing alleged trade secrets with Vertucci.  (Id. ¶¶ 67–72.)  Plaintiff also sought exemplary damages for breach of contract and trade secret misappropriation claims.  (Id. ¶¶ 78–79, 42–46, 47–51, 52–56, 57–66.)

On January 29, 2015, Mr. Tracey removed the suit to this Court. (Dkt. # 1.)  On December 18, 2015, Mr. Tracey filed a Suggestion of Bankruptcy, notifying this Court of his Chapter 7 Bankruptcy suit, filed October 13, 2015, pending before the United States Bankruptcy Court for the Middle District of Florida.  (Dkt. # 42.)

Section 362 of the United States Bankruptcy Code requires that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title."  11 U.S.C. § 362(a)(1).  The action before the Court is a judicial proceeding against

...

Mr. Tracey, the debtor, which was commenced before the bankruptcy proceeding began.  Because a proceeding must be stayed while the debtor subject to suit is engaged in a bankruptcy proceeding, this Court finds that the action must be **STAYED** pursuant to Section 362 of the United States Bankruptcy Code.

Where a suit is stayed pursuant to a bankruptcy proceeding, an administrative closure is appropriate.  See Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004).  An administrative closure is "a postponement of proceedings," rather than "a termination."  S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297, 302 (5th Cir. 2004).  A case that is administratively closed "may be reopened upon request of the parties or on the court's own motion."  Mire, 389 F.3d at 167.

The Clerk's office is **DIRECTED** to administratively close this case pending further order of the Court.  Though administratively closed, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion.

**IT IS SO ORDERED.**

**DATED:** December 22, 2015, San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge